1  Joseph E. Porter III (SBN 51350)
   206 3rd Street
2  Seal Beach, California 90740
   Telephone: (562) 493-3940
3  Facsimile: (562) 493-3670

4  Harry E. Douglas IV (SBN 136877)
   LAW OFFICES OF HARRY E. DOUGLAS IV
5  5482 Wilshire Boulevard
   Suite 1600
6  Los Angeles, California 90036
   Telephone: (213) 537-5070
7  Facsimile: (213) 927-3660

8

9  Attorneys for Plaintiffs,
   Thomas Derrick McElroy, Denzil Delano Foster, and
10 Jay King

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13 THOMAS DERRICK McELROY, an       ) CASE NO.
   individual; DENZIL DELANO        )
14 FOSTER, an individual; and JAY   )
   KING, an individual              ) COMPLAINT FOR:
15                                  )
                Plaintiffs,         )  1. COPYRIGHT INFRINGEMENT;
16                                  )  2. BREACH OF FIDUCIARY DUTY;
      vs.                           )  3. ACCOUNTING.
17                                  )
   MIKKEL S. ERIKSEN, an            )
18 individual;, TOR ERIK HERMANSEN, )
   an individual; PRISCILLA         ) DEMAND FOR JURY TRIAL
19 HAMILTON, an individual, ORI     )
   KAPLAN, an individual; STARGATE, )
20 an entity of unknown form; WB    )
   MUSIC CORP., a California        )
21 corporation; EMI APRIL MUSIC,    )
   INC, a Connecticut corporation;  )
22 SONY MUSIC HOLDINGS, INC, a      )
   Delaware corporation;  SONY/ATV  )
23 MUSIC PUBLISHING LLC, a limited  )
   liability company; and SONY/ATV  )
24 MUSIC PUBLISHING ACQUISITION,    )
   INC., a Delaware corporation,    )
25 EPIC-SYCO RECORDS, a joint       )
   venture;  and DOES 1 through 10, )
26 inclusive,                       )
                                    )
27              Defendants.         )
   _____ )
28

                        -1-
_____
                     **COMPLAINT**
\***

Plaintiffs, DENZIL DELANO FOSTER, an individual(hereinafter "FOSTER"), THOMAS DERRICK McELROY, an individual (hereinafter "McELROY"); and JAY KING, an individual (hereinafter, "KING"), complain, aver, and allege as follows:

<u>PARTIES</u>

1.   Plaintiff, DENZIL DELANO FOSTER, is an individual, and a resident in the state of California.

2. Plaintiff, THOMAS DERRICK McELROY, is an individual, and a resident in the state of California.

3. Plaintiff, JAY KING, is an individual, and a resident in the state of California.

4.   Defendant, MIKKEL S. ERIKSEN, is an individual, resident in the City and State of New York.

5.   Defendant, TOR E. HERMANSEN, is an individual, resident in the City and State of New York.

6.  Plaintiff is informed and believes that Defendant, STARGATE, is an entity of unknown form, owned and controlled by Defendants ERIKSEN and HERMANSEN, and conducting business in the State of California, county of Los Angeles.

7. Defendant, PRISCILLA HAMILTON, is an individual, resident in the County of Los Angeles, State of California.

8. Defendant, ORI KAPLAN, is an individual, resident in the County of Los Angeles, State of California.

9.   Defendant WB MUSIC CORP (hereinafter referred to as "WB MUSIC"), is a California corporation admitted and authorized to conduct business in the State of California, with offices in the County of Los Angeles, State of California.

-2-

\\***

10.     Defendant, EMI APRIL MUSIC, INC,(hereinafter referred to as "EMI APRIL") is a Connecticut corporation, admitted and authorized to conduct business in the State of California, with offices in the County of Los Angeles, State of California.

11.     Defendant, Sony/ATV Music Publishing, LLC, is a limited liability company admitted and authorized to conduct business in the State of California, and with offices in the County of Los Angeles, State of California.

12.     Defendant, Sony/ATV Music Publishing Acquisition, Inc., is a Delaware corporation, admitted and authorized to conduct business in the State of California, and with offices in the County of Los Angeles, State of California.  Defendant, Sony/ATV Music Publishing Acquisition, Inc. is the successor in interest to all rights, titles, interests and claims of right held by EMI APRIL MUSIC, INC. (Collectively, Sony/ATV Music Publishing, LLC and Sony/ATV Music Publishing Acquisition, Inc. shall be called the "Sony/ATV Defendants")

13.     Defendant, SONY MUSIC HOLDINGS, INC. (hereafter referred to as "SONY MUSIC"), is a corporation organized and existing in the state of Delaware, and admitted to conduct business in the State of California.

14.     Defendant SYCO RECORDS (hereafter referred to as "SYCO RECORDS") is an entity of unknown form organized and existing in the United Kingdom, and is a music recording and producing division of Syco Entertainment, a company created by entertainment executive Simon Cowell.

15.     Defendant, EPIC-SYCO RECORDS (hereafter referred to as "EPIC SYCO") is a joint venture composed of Epic Records, a

-3-

\\***

1    subsidiary of SONY MUSIC, and SYCO RECORDS, and EPIC-SYCO conduct

2    business in the state of California, County of Los Angeles.

3    <center>JURISDICTION AND VENUE</center>

4    16.      Plaintiffs, FOSTER, MCELROY and KING , allege that

5    jurisdiction in this court is proper under 28 U.S.C. §1338(a), as

6    it is an action arising under Acts of Congress relating to

7    copyrights namely, the Copyright Act of 1976, 17 U.S.C. §101 et

8    seq. This Court has pendant jurisdiction over the claims arising

9    under state law pursuant to 28 U.S.C. §1338(b).

10    17.      Venue is proper in this district pursuant to 28 U.S.C.

11    §1400(a) and 1391 (b) and (c), as the Defendants, ERIKSEN,

12    HERMANSEN, HAMILTON, KAPLAN are individuals resident in and/or

13    conduct business in the District, and WB MUSIC, EMI APRIL, SONY

14    MUSIC, EPIC-SYCO, and the SONY/ATV Defendants are subject to

15    personal jurisdiction in this district, and are therefore deemed

16    to reside here for purposes of venue.

17    <center>FACTUAL BACKGROUND</center>

18    18.      Plaintiffs FOSTER and McELROY are a music songwriting

19    and production duo who have been composing and producing musical

20    works for more than thirty (30) years.

21    19.      Plaintiffs FOSTER and McELROY have written compositions

22    and produced songs for such musical acts s Club Nouveau,

23    Tony!Tone!Toni!, Alexander O'Neal, Regina Bell, Madonna, and Swing

24    Out Sister, among others.

25    20.      Plaintiffs FOSTER and McELROY are also the creators,

26    producers, and songwriters for the group known as En Vogue, whose

27    songs "Hold On", "Lies", "You Don't Have to Worry", "My Loving

28    (You're Never Gonna Get It"); and "Giving Him Something He Can

<center>-4-</center>

\***

Feel" reached number 1 on the BillBoard Magazine R&B Charts; and the En Vogue album <u>Funky Divas</u> was nominated for five (5) Grammy Awards.

21.    In or about 1986, FOSTER and McELROY, and Plaintiff, KING, co-wrote and produced the musical composition "Why You Treat Me So Bad" which composition was recorded and performed by the musical group Club Nouveau.

22.    Plaintiffs FOSTER, MCELROY, and KING are the registered copyright songwriters of the composition "Why You Treat Me So Bad" which original copyright registration is dated September 12, 1988, and bears copyright registration number V2391P015.  A true and correct copy of the copyright registration record maintained by the United States Copyright office for "Why You Treat Me So Bad" is attached hereto as Exhibit 1.

23.    Plaintiffs FOSTER, MCELROY and KING, all that in or about October 1993, by and through their music publishing entity 2-Tuff-E-Nuff Publishing, a Division of 2-Tuff-E-Nuff Productions, Inc., transferred and assigned an undivided fifty (50%) percent interest in certain musical compositions written by Plaintiffs, which transfer and assignment included an undivided fifty (50%) interest in the composition "Why You Treat Me So Bad" to EMI April Music.(hereafter referred to as "The Original Agreement").

24.    Plaintiffs allege that The Original Agreement accorded EMI April Music, among other things, the right and responsibility to administer the copyrights in and to "Why You Want To Treat Me So Bad", which rights and responsibilities included the right to protect against and seek to enjoin any infringement of the Plaintiffs' copyright interests.

-5-

\\***

25.     Plaintiffs further allege that they have entered into a series of extensions and/or modifications of The Original Agreement and that all such extensions and/or modifications of The Original Agreement have vested in EMI APRIL the right to administer and protect the copyright interests of the Plaintiffs.

26.     Plaintiffs allege that the composition "Why You Want to Treat Me So Bad" has a unique and readily identifiable rhythm track and that such composition has been licensed and sampled for use in other compositions more than twenty (20) times.

27.     Plaintiffs further allege that one the most prominent uses of composition before the release of "Worth It", was the composition "I Got 5 On It" performed by Luniz.

28.     Plaintiffs FOSTER, MCELROY and KING are credited as songwriters of the composition "I Got 5 On It" due to the prominent use of the rhythm track from "Why You Want To Treat Me So Bad". A true and correct copy of the copyright registration bearing number V3252P352 and indicating that Plaintiffs are co-authors with other of the composition "I Got 5 On It" is attached hereto as Exhibit 2.

29.     Plaintiffs allege that the musical composition "Worth It" is a single recording and musical composition performed and recorded by Fifth Harmony featuring rapper Kid Ink for their debut studio album entitled "Reflection". Plaintiffs further allege that the composition "Worth It" was first released on or about March 2, 2015, on the EPIC-SYCO label.  Plaintiffs further allege that "Worth It" has sold in excess of 4,410,00 units has been certified triple platinum (3 million record sales) in the United States by the Recording Industry Association of America, and has been

-6-

\***

1  certified as either gold or platinum in every other country in

2  which it has been released.

3      30.    The Plaintiffs allege that the purported songwriters of

4  the composition "Worth It" copied key, critical, and distinctive

5  elements of the composition "Why You Want To Treat Me So Bad" and

6  incorporated such elements in the composition "Worth It" and

7  failed to acknowledge the authorship of Plaintiffs.

8      31.    Plaintiffs further allege that Defendants WB Music Corp

9  and EMI APRIL and Sony/ATV erroneously registered the copyright to

10  "Worth It" by failing to credit the authorship of Plaintiffs.

11     32.    Plaintiffs allege that the musical composition "Worth

12  It" was released and initially publicly performed on or about

13  March 2015, and was distributed and sold as part of the Album

14  Reflection by the group known as Fifth Harmony.

15     33.    Plaintiffs allege that after the initial public

16  performances of the composition, "Worth It", the music listening

17  public immediately recognized the distinctive rhythm track of "Why

18  You Treat Me So Bad".

19     34.    Plaintiff allege that the copying was so obvious that

20  the website "Who Sampled", which is a crowd sourced and moderated

21  website dedicated to publicizing the sampled and historical

22  musical sounds incorporated in contemporary music for younger

23  audiences, immediately posted that the composition "Worth It"

24  contained samples from "I Got 5 On It". A true and correct copy

25  the screen shot of the website "Who Sampled" from May 3, 2015 is

26  attached hereto as Exhibit 3.  This screen shot indicates that the

27  musical community dedicated to publishing information about

28  sampled music in songs was of the collective opinion that "Worth

\***

It" contained a sample from "I Got 5 On It" which rhythm track is composed of the rhythm track from "Why You Want To Treat Me So Bad".

35.     Plaintiffs allege that they have communicated with the music publisher of the composition, "Worth It" and made demand that they cease and desist further distribution of the composition, but that defendants WB Music and SONY/ATV have refused to cease and desist distribution of the composition, or provide Plaintiffs with credit as songwriters.


<u>FIRST CAUSE OF ACTION</u>

(Copyright Infringement

Denzil Foster, Thomas McElroy, and Jay King against All Defendants

36.     Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 35, inclusive, of the Complaint as though set forth in full.

37.     Plaintiffs are the owners of a valid copyright in and to the musical compositions known as "Why You Treat Me So Bad" and "I Got 5 On It".

38.     As the owners of the copyright in the Compositions, Plaintiffs have the exclusive rights under 17 U.S.C Section 106, among others to prepare derivative works.

39.     The Defendants, and each of them, infringed, and continue to infringe, upon Plaintiffs copyrights, including by copying, reproducing, preparing, and selling works derived from the Composition.

**COMPLAINT**

\***

40.    Plaintiffs have not authorized the Defendants to copy, reproduce, or prepare derivative works from, perform, or sell the Composition.

41.    The Defendants, and each of them, did not seek or obtain permission, consent, or license from Plaintiffs for the copying, reproduction, preparation of derivative works from, performance, or commercial release of the Composition.

42.    The Defendants, and each of them, knew their acts of constituted copyright infringement, and have been put on notice that such copyright infringement was occurring, and continue to infringe the copyrights demonstrating that such infringement is willful within the meaning of the Copyright Act.

43.    As a result of their wrongful conduct, Defendants, and each of them liable to Plaintiffs for copyright infringement pursuant to 17 U.S.C. Section 501.  Plaintiffs have suffered and will continue to suffer, substantial losses, including but not limited to the value of the Defendant unauthorized use of the Compositions, in an amount not yet ascertained, but which will be determined according to proof.

44.    Plaintiffs are entitled to recover damages, which include their losses and any profits Defendants have made as a result of their wrongful conduct pursuant to 17 U.S.C. Section 504.  Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. Section 504(c).

45.    In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. Section 504(C)(2).

**COMPLAINT**

\***

46.     Plaintiffs are entitled to recover their attorneys fee and cost of suit pursuant to 17 U.S.C Section 505.

<div align="center">SECOND CAUSE OF ACTION</div>

<div align="center">(Breach of Fiduciary Duty against EMI APRIL MUSIC, INC, SONY MUSIC HOLDINGS INC., and the SONY/ATV DEFENDANTS)</div>

47.     Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 46, inclusive, of the Complaint as though set forth in full.

48.     Defendant EMI APRIL is a music publisher and copyright administrator pursuant to contract for the composition "Why You Treat Me So Bad" written and composed by Plaintiffs.

49.     Defendant EMI APRIL has a duty to investigate, and notify Plaintiffs of any known or potential infringing uses of the composition; and under the terms of the Agreements EMI APRIL has the right and the duty to do any act or thing in the name of Plaintiffs to protect, enforce, and/or implement the publishers or songwriters rights in and to the copyright in the composition "Why You Treat Me So Bad".  Plaintiff further alleges that such right and duty created a fiduciary duty on the part of EMI APRIL to at a minimum investigate any potential infringing actions against the composition.

50.     Plaintiff alleges that SONY MUSIC and SONY/ATV DEFENDANTS have infringed the copyright interests of Plaintiffs in the composition "Why You Treat Me So Bad" by copying, distributing, publishing, marketing, and selling the composition "Worth It" without either crediting or compensating Plaintiffs for their authorship of the composition.

<div align="center">-10-</div>

_____

<div align="center">**COMPLAINT**</div>

\***

51.     Plaintiff alleges that in or about October 2015, Plaintiff provided written notice to ERIKSEN, HERMANSEN, STARGATE, SONY, EMI APRIL and EPIC-SYCO, that the composition "Worth It" infringed upon the copyright of Plaintiff's in and to "Why You Treat Me So Bad".

52.     Plaintiffs allege that Defendant EMI APRIL, and its parent entities SONY/ATV and SONY MUSIC breached their fiduciary duty to Plaintiffs by failing to investigate the infringement claim, failing to cease distributing, selling, marketing, and exploiting the composition, "Worth It", and failing to do anything of any nature whatsoever to protect the interests of their songwriters, the Plaintiffs herein.

53.     As result of the Breach of Fiduciary duty as herein alleged, the Plaintiff's have been damaged in that they have not been properly credited as co-authors of the composition "Worth It", and have not received royalty payments as co-authors of the composition "Worth-It", which amount shall be proven at trial.

<u>THIRD CAUSE OF ACTION</u>

(Accounting against all defendants)

54.     Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 53, inclusive, of the Complaint as though set forth in full.

55.     Plaintiffs allege that as a true author and owner of the copyright interest the Compositions held by Defendants, and each of them, that they have been deprived of monies earned and paid for the copying, publishing, distribution, and performance of The Compositions.

\***

56.    Plaintiffs allege that they have no way of knowing the exact amount of the monies earned and paid to the Defendants, and each of them, from the exploitation of The Composition.

57.    Plaintiffs therefore request a full and complete accounting of all monies earned and paid by and to Defendants, and each of them, from the exploitation of the song "Worth It" and that such monies represented by Plaintiffs ownership and authorship of the composition be paid immediately to Plaintiffs.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

On The First Cause of Action:

1.    For a judicial determination and order that Plaintiffs copyright has been infringed upon by Defendants;

2.    For an order that Defendants account for and pay to Plaintiff for all damages sustained by Plaintiff from the infringement of his copyright interest;

3.    For an enhanced award of statutory damages in accordance with 17 U.S.C. § 504(c)(2) due to Defendants willful conduct.

4.    For an award of attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

On The Second Cause of Action:

5.    For Damages for breach of fiduciary duty for loss of royalties due and owning in an amount according to proof.

On The Third Cause of Action:

-12-

\\***

6.   For an accounting of all monies earned from the
     exploitation of The Song "Teeth" by the defendants, and
     each of them;

On All Causes of Action:

7.   For attorney's fees incurred according to proof;

8.   For all costs incurred;

9.   For such further and other relief as the court may deem
     proper.

//

//

### DEMAND FOR JURY TRIAL

Demand for a Jury Trial is hereby demanded by plaintiffs pursuant to the Local Rule 38-1 of the Local Rules of Court for the Central of District of California.

Dated:  August 26, 2016.

LAW OFFICES OF
HARRY E. DOUGLAS IV


/s/ HARRY E. DOUGLAS IV
_____
Harry E. Douglas IV, Esq.
Attorneys for Plaintiffs

**COMPLAINT**

\***